IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBRA JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES INC. and SEDGWICK, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:24-cv-0126-SDG-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Debra Jackson's application for leave to proceed *in forma pauperis* ("IFP") in her employment discrimination case against Defendants Delta Air Lines ("Delta") and Sedgwick. [Doc. 1.] Upon review of the application, the Court finds that Plaintiff, who is proceeding *pro se*, meets the requirements for IFP status under 28 U.S.C. § 1915(a) and **GRANTS** her leave to proceed IFP. Upon frivolity review, though, the Court concludes the complaint lacks an arguable basis in law or in fact and fails to state a claim upon which relief can be granted against Defendants. Plaintiff made similar allegations against Delta recently before this Court in a different complaint, which the

undersigned already has recommended for dismissal.[1]  Accordingly, the undersigned **RECOMMENDS** that the complaint at issue now be **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND

On June 7, 2023, Plaintiff filed an earlier action against Delta Air Lines, which alleged discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Americans with Disabilities Act ("ADA"). *See Jackson*, No. 23-cv-2561-SDG.  On July 13, 2023, the undersigned entered a detailed order describing numerous deficiencies in the complaint and allowed her an opportunity to replead her claims. [*Id.*, Doc. 4.] Plaintiff then filed two amended complaints, in which she alleged: she was denied promotions and job training; someone had dropped a bag of trash outside her house; she had been intimidated regularly when she went to the doctor; her doctors had been "compromised"; Delta had people "watch" where she went and to who she spoke; and she was under "surveillance." [*Id.*, Doc. 6 at 7-8; *Id.*, Doc. 7 at 8-9.] She also included an August 2020 letter that she sent to Delta's CEO, which she asserted led to retaliation against her. [*See id.*, Doc. 6 at 7-8, 15-16.]  The undersigned

---

[1] *See Jackson v. Delta Air Lines, Inc.*, No. 23-cv-2561-SDG (N.D. Ga. June 7, 2023).

concluded that Plaintiff failed to state a nonfrivolous basis for relief under Title VII or the ADA and recommended the case be dismissed. [*Id.*, Doc. 8.]

### A. Current Complaint

In her current complaint, filed on January 10, 2024, Plaintiff indicates she is bringing claims under Title VII, the ADA, and the Age Discrimination in Employment Act of 1974 ("ADEA"). [Doc. 1-1 at 3.] She alleges that she "has been subjected to disparate treatment, intimida[tion], defamation of character, harassment, and retaliation." [*Id.* at 5.] She further states that her "home is constantly under surveillance and her phone calls and computer are being monitored." [*Id.*] Additionally, she alleges a Delta employee used her phone number to make a purchase, that several large trash bags have been dropped off at her property, and that her "doctors are being compromised." [*Id.*] In her charge of discrimination with the EEOC, Plaintiff wrote that she had been subjected to harassment since sending a letter to Delta's CEO. [*Id.* at 7.]

### II. FRIVOLITY STANDARD

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In screening a complaint for frivolity, the court weighs the alleged facts in the plaintiff's favor and accepts them

3

as true unless they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The court must determine:

> first whether the case is based on a recognized legal theory, and second, [the court makes] an initial assessment of the movant's factual allegations in light of what movant must eventually prove at trial if movant is to recover on that theory. The court may not construct arguments or legal theories for the plaintiff, but the plaintiff's complaint is to be construed liberally when, as here, the plaintiff is *pro se*. . . . [I]f plaintiff's alleged facts are not clearly baseless, and if proven they would support a recognized legal theory of recovery, plaintiff must be given an opportunity to commence the action, irrespective of costs.

*Donohoe v. Food Lion Stores, Inc.*, 253 F. Supp. 2d 1319, 1322 (N.D. Ga. 2003) (quoting *Johnson v. City of Port Arthur*, 892 F. Supp. 835, 840-41 (E.D. Tex. 1995)).

In the case of *pro se* litigants, a complaint is to be "liberally construed" and "must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). However, this lenient standard does not shield a *pro se* litigant from complying with minimum requirements of the Federal Rules of Civil Procedure, and a court need not accept as true legal conclusions or unwarranted factual inferences in a *pro se* complaint. *Collins v. Fulton Cnty. Sch. Dist.*, No. 1:12-CV-1299-ODE-JSA, 2012 WL 7802745, at *6 (N.D. Ga. Dec. 26, 2012) (citing

4

*Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002) and *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006)).

### III. DISCUSSION

Plaintiff's current allegations are conclusory at best and provide no facts that sufficiently plead discrimination or retaliation, whether under Title VII, the ADA, or the ADEA. In fact, most of the factual content of Plaintiff's current complaint—*i.e.*, the alleged surveillance, trash bags on her property, and compromised doctors—all appear to be recycled allegations from Plaintiff's earlier complaint, which the undersigned already has analyzed as insufficient to pass frivolity review. Plaintiff appears to include these facts as evidence of retaliation against her, but as the undersigned previously explained, Plaintiff has pled no facts that plausibly suggest she has experienced adverse employment actions, or sufficiently severe or pervasive harassment, that were connected to any protected activity. *See Jackson*, No. 23-cv-2561-SDG, Doc. 8 at 9-12.

The current complaint is different from her earlier complaint in that Plaintiff now (1) names Sedgwick as a Defendant, (2) indicates she wishes to bring an ADEA claim, and (3) adds in allegations that her personal phone number "was compromised by" a Delta employee. The Court will now take up each of these new allegations. First, Plaintiff fails to allege any facts, nor could she, that Sedgwick

was, or is, her employer such that any of these putative claims would apply to it. In fact, she does not provide any factual content about Sedgwick at all, much less even name Sedgwick in her charge of discrimination. Accordingly, her claims against Sedgwick are due to be dismissed. Second, other than noting her age, Plaintiff fails to allege any facts that suggest discrimination on the basis of her age, and therefore her putative ADEA claim is due to be dismissed. Third, and finally, Plaintiff fails to explain how her phone issue is connected to any of her putative claims. As explained in Plaintiff's other case, although this incident may have caused her concern, what she has pled is simply not actionable.

Where it appears that a more carefully drafted complaint might state a plausible claim for relief, a *pro se* plaintiff should ordinarily be given an opportunity to amend the complaint before the court dismisses her claims. *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). But here, amendment would be futile. The Court, only months ago, recommended dismissal of nearly identical claims brought by Plaintiff after providing directions on the deficiencies of the complaint and allowing her to replead. Plaintiff appears to aim to bring the same, or similar, frivolous claims, involving largely the same set of facts. Therefore, dismissal, rather than amendment, is appropriate.

## IV. CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Plaintiff's application to proceed IFP be **GRANTED** but **RECOMMENDS** that her complaint be **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

IT IS SO RECOMMENDED this 11th day of January, 2024.

JOHN K. LARKINS III
United States Magistrate Judge