IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBRA JACKSON,<br>    Plaintiff,<br><br>              v.<br><br>DELTA AIRLINES INC. and SEDGWICK,<br>    Defendants. | Civil Action No.<br>1:24-cv-00126-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins III [ECF 3], which recommends that *pro se* Plaintiff Debra Jackson's complaint be dismissed for failure to state a nonfrivolous basis for relief under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act of 1974. Jackson filed objections to the R&R [ECF 6]. After careful consideration Jackson's objections are **OVERRULED,** and the R&R is **ADOPTED** in its entirety.

I.   **Applicable Legal Standards**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and the Court need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. It may consider an argument that was never presented to the magistrate judge, or it may decline to consider such an argument. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

II.     **Discussion**

As an initial matter, undersigned agrees with the R&R's conclusion that most of Jackson's complaint in this case recycles allegations from an earlier pleading filed by Jackson in Case No. 1:23-cv-2561-SDG.[1] In that case, this Court overruled Jackson's objections and adopted the R&R's recommendation to dismiss

---

1   Case No. 1:23-cv-2561-SDG, ECF 7.

Jackson's complaint without prejudice.[2] After reviewing Jackson's submissions in this case, the Court sees no reason to revisit its previous ruling.

Jackson's objections fail to identify any error in the R&R that warrants overturning its ultimate conclusion, which is that her case should be dismissed with prejudice. Undersigned finds that Jackson's arguments opposing dismissal, to the extent they are decipherable at all, do not address any substantive finding in the R&R, and in any event are of the frivolous, conclusive, and general variety that need not be considered by a district court. *Schultz*, 565 F.3d at 1361. Notwithstanding this determination, undersigned will briefly address Jackson's seven numbered objections.

Objections #1, 6, and 7 generally object to the R&R's recommendation of dismissal with prejudice due to the complexity of this case, Defendants' alleged statutory violations, and Jackson's *pro se* status.[3] However, these objections fail to account for the fact that this is the third time that Judge Larkins or undersigned has determined that Jackson's complaint regarding the same general allegations fails to state a plausible claim.[4] Because Jackson has repeatedly failed to cure the deficiencies in her complaint, dismissal with prejudice is appropriate. *Bryant v.*

---

[2]  Case No. 1:23-cv-2561-SDG, ECF 13.

[3]  Case No. 1:24-cv-126-SDG, ECF 6, at 5, 7.

[4]  *See also* Case No. 1:23-cv-2561-SDG, ECF 4, 8, 13.

*Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Objections #1, 6, and 7 are **OVERRULED**.

Objections #2 and 5 assert two "facts" in opposition to the R&R's conclusion that her complaint is insufficient to pass frivolity review: (1) that an unspecified Defendant owns "DAL Global LLC" and (2) that Jackson experienced several technical issues while conducting research for this case.[5] These purported facts are not in the complaint, but even assuming they were properly alleged and true, Jackson does not explain how they state plausible claims against Delta or Sedgwick. Accordingly, Objections #2 and 5 are **OVERRULED**.

Objection #3 opposes the R&R's conclusion that the claims against Sedgwick should be dismissed, arguing that the complaint does mention Sedgwick in connection with the discrimination claim, and Jackson's supervisor told her that Delta owns Sedgwick.[6] Jackson also refers to the case *Miles v. Sedgwick Claims Mgmt. Servs., Inc.*, No. B311520, 2022 WL 1197951 (Cal. Ct. App. Apr. 22, 2022). The complaint does allege that in "Nov[ember] 2016, [Jackson] incurred a work-related injury after exhausting [worker's compensation] Delta/Sedgwick put her on long-term disability."[7] This appears to be consistent with the *Miles* case's description of

---

[5] Case No. 1:24-cv-126-SDG, ECF 6, at 5–6.

[6] *Id.* at 6.

[7] ECF 2, ¶ III.

Sedgwick as a "third-party claims administrator." 2022 WL 1197951, at *1. Regardless, Jackson does nothing to explain how Sedgwick discriminated against her as her employer. Accordingly, Objection #3 is **OVERRULED**.

Objection #4 opposes dismissal of Jackson's ADEA claim on the grounds that Delta employees asked Jackson "numerous" times when she was going to retire and sent Jackson retirement papers unprompted; Jackson also states she was told by a Delta service center employee that Delta wanted her to retire.[8] These allegations are largely absent from the complaint. But even assuming these facts were properly alleged and true, they do not plausibly assert an adverse action by Delta sufficient to state a claim. *See Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc)) ("To state a claim under ADEA, a plaintiff must allege . . . she was subjected to an adverse employment action"). An adverse employment action "must impact the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Jackson's allegations are insufficient to state a plausible claim that Delta took an adverse employment action against her, particularly considering her

---

[8]   ECF 6, at 6.

allegation that she has been on long-term disability since approximately November 2016.[9] Accordingly, Objection #4 is **OVERRULED**.

### III.  Conclusion

Jackson's objections to the R&R [ECF 6] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 3] as the Order of this Court. Jackson's complaint is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 30th day of December, 2024.

　　　　　　　　　　　　　　　　　　Steven D. Grimberg
　　　　　　　　　　　　　　　　　　United States District Judge

---

[9] ECF 2, ¶ III.